IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) ) ) | CIVIL NO. 07-00616 SOM-LEK |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| ESTATE OF JOEL SOLEVILLA NORVA, ET AL., | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO GRANT**
**<u>PLAINTIFF'S MOTION FOR DISCHARGE</u>**

Before the Court is Plaintiff the Prudential Insurance Company of America's ("Plaintiff") Motion for Discharge ("Motion"), filed on December 4, 2008.  There being no opposition to the Motion, the Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules").  After careful consideration of the Motion and the relevant legal authority, this Court HEREBY FINDS AND RECOMMENDS that Plaintiff's Motion be GRANTED for the reasons set forth below.

<u>BACKGROUND</u>

In August 2000, Yolanda C. Crawford ("Yolanda") purchased a Variable Universal Life Insurance Policy ("the Policy") from Plaintiff through Plaintiff's subsidiary, the Pruco

Life Insurance Company.  The Policy had a $100,000.00 death benefit.  Yolanda named Joel Solevilla Norva ("Norva") as the primary beneficiary, and her children, Emily Jane Crawford, Kasey Josephine Crawford, and Raquel Mae Norva, as the contingent beneficiaries.  In November 2003, Yolanda had another child, William Norva, II, but she did not revise the Policy to include him as a beneficiary.  Emily, Kasey, and Raquel are Yolanda's children from a prior relationship, and William is Yolanda and Norva's natural child.

On July 2, 2006, Norva drove Yolanda and one of her daughters to Waipahu, Hawaii.  Norva and Yolanda argued in the car, and Norva allegedly shot Yolanda and her daughter, then shot himself.  Yolanda and Norva died at the scene.  Yolanda's daughter survived and reported the events to the police.  No criminal action was ever filed in connection with Yolanda's death because of the death of the primary suspect, Norva.

On or about July 5, 2006, Plaintiff was notified of Yolanda's death and Norva's presumed culpability in her death. From August 2000 to her death in July 2006, Yolanda maintained the Policy in good standing.

On December 20, 2007, Plaintiff filed its Complaint for Interpleader and Declaratory Relief ("Complaint") against Defendant Estate of Joel Solevilla Norva, Deceased ("Defendant Estate"), Defendant Lillian B. Koller, Director of Human

Services, State of Hawaii, as Permanent Custodian of Emily Jane Crawford, Kasey Josephine Crawford, Raquel Mae Norva, and William Norva, II ("Defendant DHS"), and Defendants Azucena B. Crawford and Clifford J. Crawford ("Defendants Crawford").  The Complaint states that Defendant DHS was named as the children's permanent custodian by Hawaii family court orders dated May 22, 2007 and that Defendants Crawford were Yolanda's parents and the children's grandparents.  The Complaint alleges that Yolanda, Norva, Defendant DHS, and Defendants Crawford are or were Hawaii residents at all relevant times.

The Complaint states that, upon Yolanda's death on July 3, 2006, the death benefit under the Policy, plus any applicable interest, became due to the rightful beneficiary or beneficiaries under the Policy.  Under Hawaii law, however, if a beneficiary of a life insurance policy feloniously and intentionally causes the insured's death, he is not entitled to any benefit under the policy.  The policy becomes payable as though that beneficiary disclaimed any benefit.  Hawaii law also requires that, in the absence of a conviction establishing who killed the insured, the court must determine by a preponderance of the evidence whether the intended beneficiary would be found guilty of feloniously and intentionally killing the insured.

The Complaint states that Yolanda died intestate and that Defendant Estate as the primary beneficiary, Emily, Kasey,

and Raquel, as the contingent beneficiaries, and William, as Yolanda and Norva's child born after the Policy went into effect, may claim entitlement to benefits under the Policy.  All four children, however, are minors who would not be competent to receive direct payment of the Policy's benefits.  The Complaint stated that Defendant DHS, as the children's permanent guardian, and Defendants Crawford, who had physical custody of the children and intended to adopt them,[1] may claim entitlement to the Policy benefits.  The Complaint asks the court to determine whether any of the defendants is the rightful beneficiary under the Policy.  If so, Plaintiff asks the court to order interpleader of the Policy benefits and to discharge Plaintiff and release it from all liability except to the person or persons the court finds to be the rightful beneficiary.  Plaintiff also seeks its costs and expenses, including reasonable attorney's fees.

On April 7, 2008, the district judge approved a stipulation to dismiss Plaintiff's claims against Defendant DHS with prejudice.  On January 10, 2008, Defendants Crawford signed an acknowledgment of receipt of the summons and Complaint, but they did not file an answer.  Defendant Estate was served via publication.  Plaintiff obtained an entry of default against Defendant Estate on September 18, 2008.

---

[1] On March 3, 2008, Defendants Crawford adopted all four of Yolanda's children.  [Motion, Decl. of Wilson M.N. Loo, Exh. C.]

In the instant Motion, Plaintiff seeks discharge pursuant to Federal Rule of Civil Procedure 56.  Plaintiff does not dispute that benefits are payable under the Policy, but Plaintiff alleges that under Hawaii law it cannot determine who the rightful beneficiary or beneficiaries are.  Plaintiff seeks the relief requested in the Complaint, arguing that declaratory judgment is proper under the circumstances of this case.

### DISCUSSION

Plaintiff essentially seeks summary judgment in this interpleader action.  Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56©.  The moving party bears the initial burden of establishing that there is no genuine issue of material fact.  See MetroPCS, Inc. v. City & County of San Francisco, 400 F.3d 715, 720 (9th Cir. 2005).  There is no genuine issue of material fact if, based on the record as a whole, a rational trier of fact could not find for the non-moving party.  See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  "A material fact is one that may affect the decision, so that the finding of that fact is relevant and necessary to the proceedings."  W. Sunview Props., LLC v. Federman, 338 F. Supp. 2d 1106, 1114 (D. Haw. 2004)

(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The purpose of an interpleader action is "to resolve in one proceeding all claims to a res." In re Republic of Philippines, 309 F.3d 1143, 1153 (9th Cir. 2002) (citation omitted).

> In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court. . . .
>
> Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.

28 U.S.C. § 2361. The court, however, cannot discharge the plaintiff without all of the significant claimants. See Republic of Philippines, 309 F.3d at 1153. A court has discretion to award attorneys' fees and costs to the stakeholder in an interpleader action "when it is fair and equitable to do so. . . ." Island Title Corp. v. Bundy, 488 F. Supp. 2d 1084, 1093-94 (D. Haw. 2007).

In interpleader actions, the federal court applies the substantive law that a state court in the forum would apply. See Equitable Life Assurance Soc'y of U.S. v. McKay, 837 F.2d 904, 905 (9th Cir. 1988). The Hawaii Supreme Court

>             has moved away from the traditional and rigid
>             conflict-of-laws rules in favor of the modern
>             trend towards a more flexible approach looking to
>             the state with the most significant relationship
>             to the parties and subject matter.  This flexible
>             approach places primary emphasis on deciding which
>             state would have the strongest interest in seeing
>             its laws applied to the particular case.  Hence,
>             this court has said that the interests of the
>             states and applicable public policy reasons should
>             determine whether Hawai`i law or another state's
>             law should apply.  The preferred analysis . . .
>             would be an assessment of the interests and policy
>             factors involved with a purpose of arriving at a
>             desirable result in each situation.

Del Monte Fresh Produce (Hawaii), Inc. v. Fireman's Fund Ins. Co., 117 Haw. 357, 364, 183 P.3d 734, 741 (2007) (quoting Mikelson v. United States Auto. Ass'n, 107 Haw. 192, 198, 111 P.3d 601, 607 (2005)) (alteration in original) (some quotation marks omitted).

In the present case, Yolanda apparently obtained the Policy in California.  [Motion, Decl. of Donna Shearer, Exh. A (Policy application).]  It is unknown whether the Policy contains a choice of law provision because the Policy itself is not included in the record.  Even if the Policy contains a choice of law provision specifying the law of a state other than Hawaii, this Court finds that Hawaii has the most significant relationship with the parties and the subject matter of this case.  Yolanda and Norva died in Hawaii and were residing in Hawaii at the time of their deaths.  Defendants Crawford are Hawaii residents and they adopted Yolanda's four children in a

Hawaii family court.  This Court therefore finds that Hawaii law applies in this case.

> Hawaii Revised Statute § 560:2-803(c) states:
>
> The felonious and intentional killing of the decedent:
> (1) Revokes any revocable:
>  (A) Disposition or appointment of property made by the decedent to the killer in a governing instrument;
>  (B) Provision in a governing instrument conferring a general or nongeneral power of appointment on the killer; and
>  (C) Nomination of the killer in a governing instrument, nominating or appointing the killer to serve in any fiduciary or representative capacity, including a personal representative, executor, trustee, or agent; and
> (2) Severs the interests of the decedent and killer in property held by them at the time of the killing as joint tenants with the right of survivorship, transforming the interests of the decedent and killer into tenancies in common.

"Provisions of a governing instrument are given effect as if the killer disclaimed all provisions revoked by this section or, in the case of a revoked nomination in a fiduciary or representative capacity, as if the killer predeceased the decedent."  § 560:2-803(e).  Any interest not specifically addressed in § 560:2-803 must be treated according to the principle that a killer should not profit from his victim's death.  See § 560:2-803(f).

After the exhaustion of all right to appeal, a criminal conviction establishing the felonious and intentional killing of the decedent constitutes conclusive evidence for purposes of §

560:2-803.  See § 560:2-803(g).

> In the absence of a conviction, the court, upon
> the petition of an interested person, must
> determine whether, under the preponderance of
> evidence standard, the individual would be found
> criminally accountable for the felonious and
> intentional killing of the decedent.  If the court
> determines that, under that standard, the
> individual would be found criminally accountable
> for the felonious and intentional killing of the
> decedent, the determination conclusively
> establishes that individual as the decedent's
> killer for purposes of this section.

Id.  If a payor receives written notice of a potential forfeiture or revocation, it is liable for any payment it makes or any other action it takes.  See § 560:2-803(h)(1).

In the present case, Plaintiff cannot determine who is the rightful beneficiary under the Policy because there is no criminal conviction in connection with Yolanda's death. Plaintiff would be liable for an erroneous payment made to the wrong beneficiary.  Further, Plaintiff does not have an interest the Policy benefits and Plaintiff has identified all of the persons or entities that may have an interest in the benefits. This Court therefore FINDS that the Policy benefits should be deposited with the district court and that Plaintiff should be discharged thereafter.  This Court also FINDS that Plaintiff is entitled to its reasonable attorney's fees and expenses incurred in this action.

## CONCLUSION

On the basis of the foregoing, this Court HEREBY FINDS

AND RECOMMENDS that Plaintiff's Motion for Discharge, filed December 4, 2008, be GRANTED.  The Court RECOMMENDS that the district judge enter an order as follows:

1. Plaintiff shall deposit the benefits from Yolanda C. Crawford's life insurance policy ("Interpleader Funds") with this district court;

2. the Interpleader Funds are to be held under the district court's jurisdiction until there is a final determination of the ownership thereof;

3. upon depositing the Interpleader Funds with the district court, Plaintiff shall be dismissed from this action with prejudice;

4. that final judgment in Plaintiff's favor be entered upon the deposit of the Interpleader Funds as there is no just reason for delay pursuant to Federal Rule of Civil Procedure 54(b);

5. Plaintiff is entitled to recover its reasonable attorney's fees and expenses incurred in the instant action, which shall be charged against the Interpleader Funds, subject to a determination of the amount of the award based on a filing of proof of such attorney's fees and expenses; and

6. pursuant to 28 U.S.C. § 2361, the defendants in this case are prohibited from instituting or prosecuting any

proceeding in any state or federal court affecting the property, instrument, or obligation involved in this action.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, April 15, 2009.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA V. ESTATE OF JOEL SOLEVILLA NORVA, ET AL.; CIVIL NO. 07-00616 SOM-LEK; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR DISCHARGE**