IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

THE PRUDENTIAL INSURANCE          )     CIVIL NO. 07-00616 SOM-LEK
COMPANY OF AMERICA,               )
                                  )
          Plaintiff,              )
                                  )
     vs.                          )
                                  )
ESTATE OF JOEL SOLEVILLA          )
NORVA, DECEASED, ET AL.,          )
                                  )
          Defendants.             )
_____   )


**REPORT OF SPECIAL MASTER ON PLAINTIFF'S**
**MOTION FOR DETERMINATION OF REASONABLE ATTORNEYS' FEES**

          Before the Court, pursuant to a designation by Chief

United States District Judge Susan Oki Mollway, is Plaintiff the

Prudential Insurance Company of America's ("Prudential") Motion

for Determination of Reasonable Attorneys' Fees ("Motion"), filed

on June 22, 2009.  Plaintiff requests an award of $53,448.00 in

attorneys' fees, $2,021.45 in costs, and $2,585.51 in Hawaii

general excise tax, for a total award of $58,054.96.[1]  Defendant

Azucena B. Crawford[2] filed her memorandum in opposition on

July 20, 2009, and Prudential filed its reply on August 3, 2009.

---

[1] The $58,054.96 amount is not the total fees and expenses
incurred in this case.  This amount represents the amount counsel
billed Prudential for.  Prudential suggests this as one possible
measure of a reasonable award.  [Mem. in Supp. of Motion at 3.]

[2] Azucena Crawford states that her husband, Defendant
Clifford J. Crawford, passed away earlier this year.  [Mem. in
Opp. at 2.]

The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules").  After reviewing the parties' submissions and the relevant case law, the Court FINDS AND RECOMMENDS that the Prudential's Motion be GRANTED IN PART AND DENIED IN PART.  The Court RECOMMENDS that the district judge award Prudential $25,000.00.

<u>**BACKGROUND**</u>

In August 2000, Yolanda C. Crawford purchased a life insurance policy from Prudential.  The policy had a $100,000.00 death benefit.  Yolanda Crawford named Joel Solevilla Norva as the primary beneficiary, and her three children as the contingent beneficiaries.  In November 2003, Yolanda Crawford had another child, but she did not revise the Policy to include him as a beneficiary.

On July 2, 2006, Joel Norva allegedly shot Yolanda Crawford and one of her daughters, then shot himself.  Yolanda Crawford and Joel Norva died at the scene.  No criminal action was ever filed in connection with Yolanda Crawford's death because of the death of the primary suspect.  On or about July 5, 2006, Prudential was notified of Yolanda Crawford's death and Joel Norva's presumed culpability in her death.

On December 20, 2007, Plaintiff filed its Complaint for

2

Interpleader and Declaratory Relief ("Complaint") against
Defendant Estate of Joel Solevilla Norva, Deceased ("Defendant
Estate"), Defendant Lillian B. Koller, Director of Human
Services, State of Hawaii, as Permanent Custodian of
Yolanda Crawford's four children ("Defendant DHS"), and
Defendants Azucena Crawford and Clifford Crawford (collectively
"Defendants Crawford").  The Complaint states that Defendant DHS
was named as the children's permanent custodian by Hawaii family
court orders dated May 22, 2007 and that Defendants Crawford were
Yolanda Crawford's parents and the children's grandparents.

        The Complaint states that, upon Yolanda's Crawford's
death, the death benefit under her insurance policy, plus any
applicable interest, became due to the rightful beneficiary or
beneficiaries.  Under Hawaii law, however, if a beneficiary of a
life insurance policy feloniously and intentionally causes the
insured's death, he is not entitled to any benefit under the
policy.  The policy becomes payable as though that beneficiary
disclaimed any benefit.  Hawaii law also requires that, in the
absence of a conviction establishing who killed the insured, the
court must determine by a preponderance of the evidence whether
the intended beneficiary would be found guilty of feloniously and
intentionally killing the insured.

        The Complaint states that Yolanda Crawford died
intestate and that Defendant Estate was the primary beneficiary

of the life insurance policy.  The Complaint also notes that the three contingent beneficiaries named in the policy, as well as Yolanda Crawford and Joel Norva's child born after the policy went into effect, may claim entitlement to benefits under the policy.  All four children, however, are minors who would not be competent to receive direct payment of the policy's benefits. The Complaint stated that Defendant DHS, as the children's permanent guardian, and Defendants Crawford, who had physical custody of the children and intended to adopt them,[3] may claim entitlement to the policy benefits.  The Complaint asks the district court to determine whether any of the defendants is the rightful beneficiary under Yolanda Crawford's insurance policy. If so, Prudential asks the court to order interpleader of the policy benefits and to discharge Prudential and release it from all liability except to the person or persons found to be the rightful beneficiary.

Prudential filed a Motion for Discharge on December 4, 2008.  On April 15, 2009, this Court issued its Findings and Recommendation to Grant Plaintiff's Motion for Discharge ("F&R"). This Court recommended, *inter alia*, that the district judge order Prudential to deposit the proceeds of Yolanda Crawford's life insurance policy ("Interpleader Funds") with the district court

---

[3] On March 3, 2008, Azucena and Clifford Crawford adopted all four of Yolanda Crawford's children.

and dismiss Prudential from the case after Prudential made the
deposit.  The F&R also recommended that the district judge enter
an order stating that Prudential is entitled to recover its
reasonable attorneys' fees and expenses incurred in the instant
action from the Interpleader Funds, subject to a determination of
the amount of the award based on a filing of proof of such
attorneys' fees and expenses.  The district judge adopted the F&R
on May 5, 2009.  Prudential deposited the Interpleader Funds,
totaling $119,909.85, in two deposits, one on May 27, 2009 and
one on June 1, 2009.  The Clerk of the Court entered final
judgment in Prudential's favor on June 18, 2009.  The instant
Motion followed.

        Prudential states that $58,054.96 is the actual amount
counsel billed Prudential.  This amount represents work done
through June 30, 2008.  Since that time, counsel performed
additional work, but deferred further billing because of the
unexpectedly high amount of fees in this case.  The total
deferred charges through April 30, 2009 are $50,082.00 in
attorneys' fees and $654.84 in costs, for a pretax total of
$50,736.84.  Prudential acknowledges that to request all of the
fees counsel incurred in this case would exceed the policy amount
and that the amount of a fee award in an interpleader action is
within the district court's sound discretion.  Prudential
therefore asks the district court to make a reasonable award and

5

offers the amount actually billed, $58,054.96, as a suggestion.
[Mem. in Supp. of Motion at 2-3.]

In her memorandum in opposition, Azucena Crawford
states that she is grateful for Prudential's efforts to resolve
the claims surrounding Yolanda Crawford's policy and that she
appreciates Prudential's attempt to reach a compromise regarding
the fee award.  She also agrees that Prudential's counsel should
receive reasonable, fair compensation for their work in this
case.  Azucena Crawford, however, objects to the amount that
Prudential has suggested for the fee award.  She argues that this
case did not present novel legal or factual issues and therefore
it does not warrant the amount of fees, billed and un-billed,
incurred in this case.  Azucena Crawford suggests that an award
of $25,000.00 would be fair, reasonable, and just.  [Mem. in Opp.
at 4.]

In its reply, Prudential argues that the case was
complicated by the fact that Defendant DHS filed a motion to
dismiss which required Prudential to address issues regarding
federal jurisdiction and the Eleventh Amendment, citizenship of
the interested parties, and who the real parties in interest
were.  Prudential's counsel also had perform the additional tasks
associated with serving Defendant Estate by publication.
Prudential therefore argues that the requested award is justified
because this case involved substantially more work than most

interpleader actions.  Further, Prudential notes that Azucena Crawford does not point to any specific portions of the billing statements that are unreasonable, and she does not object to counsel's requested hourly rates.  Prudential also emphasizes that counsel already reduced the amount actually billed with significant courtesy discounts.

## DISCUSSION

### I.   Entitlement to Attorneys' Fees

A court has discretion to award attorneys' fees and costs to the stakeholder in an interpleader action "when it is fair and equitable to do so."  See Island Title Corp. v. Bundy ("Bundy"), 488 F. Supp. 2d 1084, 1093-94 (D. Haw. 2007) (citing Gelfgren v. Republic National Life Insurance Co. et al., 680 F.2d 79, 81 (9th Cir. 1982)) (some citations omitted).  In the F&R, this Court found that Prudential is entitled to its reasonable attorneys' fees and expenses incurred in this action.  [F&R at 9-10.]  As noted, *supra*, the district judge adopted the F&R.  Thus, the only remaining issue is the amount of the award.

### II.  Calculation of Award

"The amount of fees to be awarded in an interpleader action is committed to the sound discretion of the district court."  Trs. of the Dirs. Guild of Am.-Producer Pension Benefits Plans v. Tise, 234 F.3d 415, 426 (9th Cir. 2000) (citation omitted).  However, the "'test for determining attorneys' fees in

7

an interpleader action is less rigorous than the more elaborate factors used to consider fee awards in . . . other contexts . . . .  In an interpleader action, the broad rule is reasonableness.'" Sun Life Assurance Co. of Canada v. Bew, 530 F. Supp. 2d 773, 776 (E.D. Va. 2007) (quoting Sun Life v. Grose, 466 F. Supp. 2d 714, 717 (W.D. Va. 2006)) (some citations and quotation marks omitted) (alterations in original); see also Noeller v. Metro. Life Ins. Co., 190 F.R.D. 202, 207 (E.D. Tex. 1999); Metro. Life Ins. Co. v. Billini, CIV. S-06-02918 WBS KJM, 2007 WL 4209405, at *3 (E.D. Cal. Nov. 27, 2007) (quoting Sun Life Assurance Co. of Canada v. Chan, 2003 WL 22227881, at *3 (N.D. Cal. 2003)).

        "[A]s a general rule, federal law rather than state law governs the equitable power of the federal court to award attorney's fees to the interpleader stakeholder." Bundy, 488 F. Supp. 2d at 1095 (citing Palomas Land & Cattle Co. v. Baldwin, 189 F.2d 936, 938 (9th Cir. 1951)) (some citations omitted). Under federal law, reasonable attorneys' fees are determined by multiplying the number of hours reasonably expended on the case by a reasonable hourly rate.  See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000) (applying "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). This Court will use the lodestar method as a guide in the instant case, albeit not in the same manner as in other cases.

A.   **Reasonable Hourly Rate**

In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees.  See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  See id.; see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").

Counsel billed Prudential for the work of two attorneys, Wilson M.N. Loo, Esq., and Laura D. Anderson Price, Esq.  Mr. Loo's hourly rates were $290 and $300, and Ms. Price's hourly rate was $225.  [Motion, Decl. of Ronald I. Heller at ¶¶ 2, 6.]  Mr. Loo was admitted to the Hawaii State Bar in 1980, and Ms. Price was admitted in 1996.

This Court finds Ms. Price's requested hourly rate to be manifestly reasonable.  The Court, however, finds Mr. Loo's requested hourly rate to be slightly excessive.  This Court generally awards an hourly rate of $285 to attorneys with experience comparable to Mr. Loo's.  For example, this Court routinely awards Stanley Levin, Esq., who was admitted to the bar in 1972, $285 per hour.  See, e.g., Melodee H., et al. v. Dep't of Educ., State of Hawaii; CV 07-00256 HG-LEK, Report of Special

9

Master on Pltfs.' Mtn. for an Award of Attorneys' Fees and Costs, filed 09/23/08 (dkt. no. 40), at 20.[4]  In <u>Won, et al. v. England, et al.</u>, CV 07-00606 JMS-LEK, which was also an interpleader action, counsel for Defendant USA Federal Credit Union, Steven Guttman, Esq., requested $310 per hour and was awarded $285. Mr. Guttman was admitted to the bar in 1973.  <u>See</u> Report of Special Master on Def.'s Mtn. for Attorney's Fees & Costs, filed 7/15/08 (dkt. no. 84), at 7-8.[5]  This Court finds that there is no reason to deviate from its general practice because, although the instant case involved more than most interpleader actions do, the factual and legal issues in this case were not extraordinary. The Court therefore finds that a reasonable hourly rate for Mr. Loo is $285 per hour.

**B.  <u>Hours Reasonably Expended</u>**

Beyond establishing a reasonable hourly rate, a party seeking attorneys' fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained.  <u>See Tirona v. State Farm Mut. Auto. Ins. Co.</u>, 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).

In the present case, Prudential suggests that the

---

[4] On October 27, 2008, the district judge adopted the report of special master in <u>Melodee H.</u>

[5] On August 18, 2008, the district judge adopted the report of special master in <u>Won</u>.

amount of fees that counsel actually billed would be a reasonable
award in this case.  Prior to applying approximately $10,000 in
courtesy discounts, counsel's billings reflect 207.1 hours of
work by Mr. Loo and 17.0 hours of work by Ms. Price.  Prudential
argues that the $53,448.00 in fees, plus tax, is reasonable due
to the complexity of the case, the significant courtesy discounts
applied to the amounts billed, and the deferral of approximately
$50,000 worth of attorneys' fees for work performed after June
30, 2008.

First, the Court notes that, if it were to apply a
traditional lodestar analysis, it would likely find that the
number of hours counsel spent on this case was excessive.
Further, because this is an interpleader action, the Court must
take a number of other factors into account.

> Because the interpleader plaintiff is supposed to
> be disinterested in the ultimate disposition of
> the fund, attorneys' fee awards are properly
> limited to those fees that are incurred in filing
> the action and pursuing the plan's release from
> liability, not in litigating the merits of the
> adverse claimants' positions.  Compensable
> expenses include, for example, preparing the
> complaint, obtaining service of process on the
> claimants to the fund, and preparing an order
> discharging the plaintiff from liability and
> dismissing it from the action.  Because the scope
> of compensable expenses is limited, attorney's fee
> awards to the 'disinterested' interpleader
> plaintiff are typically modest.  Moreover, because
> attorneys' fees are paid from the interpleaded
> fund itself, there is an important policy interest
> in seeing that the fee award does not deplete the
> fund at the expense of the party who is ultimately
> deemed entitled to it.

Bundy, 488 F. Supp. 2d at 1096 (quoting Trustees of the
Director's Guild of America-Producer Pension Benefits Plans v.
Tise, 234 F.3d 415, 426-27 (9th Cir. 2000)).

In fact, courts outside of the Ninth Circuit have
denied fees where the stakeholder is an insurance company. See
Billini, 2007 WL 4209405, at *3 (citing Aetna U.S. Healthcare v.
Higgs, 962 F. Supp. 1412, 1414-15 (D. Kan. 1997); Sun Life
Assurance Co. of Canada v. Thomas, 735 F. Supp. 730, 733 (W.D.
Mich. 1990); Life Ins. Co. of N. Am. v. Nava, 667 F. Supp. 279,
280 (M.D. La. 1987); Mutual of Omaha Ins. Co. v. Dolby, 531 F.
Supp. 511, 517 (E.D. Pa. 1982)).  The rationale behind such a
rule is that "competing claims 'are part of the ordinary course
of business for an insurance company' and an interpleader action
should not be utilized to transfer these 'ordinary business
expenses to the claimants.'"  Id. (quoting Mutual of Omaha Ins.
Co., 531 F. Supp. at 517).  While the Ninth Circuit does not
automatically deny fees and expenses when the stakeholder is an
insurance company, this Court believes that the rationale behind
such a rule is relevant to the determination of what the
reasonable, modest fee should be.

Prudential's counsel should be compensated for
preparing the Complaint, obtaining service of process on the
defendants, including service on Defendant Estate by publication,
and obtaining its discharge from the case.  In addition,

12

Prudential's counsel should be compensated for responding to
Defendant DHS's motion to dismiss, which addressed the federal
court's jurisdiction over the action and did not address
Defendant DHS's entitlement to the funds.  Azucena Crawford
argues that $25,000.00 would be a reasonable award in this case.
[Mem. in Opp. at 4.]  This Court agrees.

For purposes of the recommended fee award, the Court
will attribute the compensable hours in this case to Mr. Loo
because he performed the majority of the work.  An award of
$25,000.00, tax included, would represent approximately 84.0
hours of work by Mr. Loo.  The Court finds that this is a
reasonable number of hours for the compensable tasks in this
case.

C.    **Summary of Recommended Award**

The Court therefore FINDS that a reasonable attorneys'
fee for the compensable tasks in this case is $25,000.00.  The
Court finds that the circumstances of this case do not warrant a
higher award.  Although some of the procedural aspects of this
case required more work than most interpleader actions of this
nature, the basic facts of this case, while unfortunate, are
neither novel nor extraordinarily complex.  Prudential has
undoubtedly handled other cases where a policy beneficiary is
suspected of killing the insured, creating various competing
claims.  Further, the recommended award is one fourth of the

13

policy amount and a significant portion of the Interpleader
Funds.  To grant a higher award would violate the important
policy interest in seeing that the fee award does not deplete the
funds at the expense of the person who is ultimately deemed
entitled to them.  <u>See</u>, <u>e.g.</u>, <u>Billini</u>, 2007 WL 4209405 at *4
(awarding $2,700 in attorneys' fees where the stakeholder sought
$8,717.82 and the decedent's policy was for $46,000); <u>Mutual of
Omaha Ins. Co. v. Estate of Arachikavitz</u>, No. 2:06-cv-00830-
BES(LRL), 2007 WL 2788604, at *4-*5 (D. Nev. Sept. 21, 2007)
(awarding $5,000 where $31,919.15 was available and the requested
fees were over half that amount).  The Court therefore RECOMMENDS
that the district judge award Prudential $25,000.00 in attorneys'
fees.

**III. <u>Costs</u>**

        Prudential seeks $2,021.45 in costs, plus tax.  The
Court RECOMMENDS that the district judge DENY this request
because an award of more than the $25,000.00 already recommended
would unduly deplete the Interpleader Funds.

<u>CONCLUSION</u>

        In accordance with the foregoing, this Court, acting as
Special Master, FINDS AND RECOMMENDS that Prudential's Motion for
Determination of Reasonable Attorneys' Fees, filed on June 22,
2009, be GRANTED IN PART AND DENIED IN PART.  The Court
RECOMMENDS that the district judge award Prudential $25,000.00 in

attorneys' fees and that the district judge DENY the Motion in all other respects.

      IT IS SO FOUND AND RECOMMENDED.

      DATED AT HONOLULU, HAWAII, December 8, 2009.



          /S/ Leslie E. Kobayashi
          Leslie E. Kobayashi
          United States Magistrate Judge

**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA V. ESTATE OF JOEL SOLEVILLA NORMA, DECEASED, ET AL; CIVIL NO 07-00616 SOM-LEK; REPORT OF SPECIAL MASTER ON PLAINTIFF'S MOTION FOR DETERMINATION OF REASONABLE ATTORNEYS' FEES**