IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) ) ) | CIVIL NO. 07-00616 SOM-LEK |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| ESTATE OF JOEL SOLEVILLA NORVA, ET AL., | ) ) ) | |
| Defendants. | ) ) | |

**FINDINGS AND RECOMMENDATION TO DENY DEFENDANT AZUCENA CRAWFORD'S MOTION FOR DETERMINATION OF REASONABLE ATTORNEY'S FEES AND COSTS**

Before the Court is Defendant Azucena B. Crawford's[1] ("Azucena Crawford") Motion for Determination of Reasonable Attorney's Fees and Costs ("Motion"), filed on May 3, 2010. Defendant Crawford seeks an award of $4,605.89 in attorney's fees and costs. There was no response to the Motion. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion and the relevant legal authority, this Court HEREBY FINDS AND RECOMMENDS that Azucena Crawford's Motion be DENIED for the reasons set forth below.

---

[1] Azucena Crawford's husband, Defendant Clifford J. Crawford, passed away on February 19, 2009. [Motion, Decl. of Blake T. Okimoto, Exh. A (Certificate of Death).]

## BACKGROUND

On December 20, 2007, Plaintiff the Prudential Insurance Company of America ("Prudential") filed its Complaint for Interpleader and Declaratory Relief ("Complaint") against Defendant Estate of Joel Solevilla Norva, Deceased ("Defendant Estate"),[2] Defendant Lillian B. Koller, Director of Human Services, State of Hawaii, as Permanent Custodian of Emily Jane Crawford, Kasey Josephine Crawford, Raquel Mae Norva, and William Norva, II ("Defendant DHS"),[3] and Defendants Azucena Crawford and Clifford Crawford (collectively "Defendants Crawford").  Emily Jane Crawford, Kasey Josephine Crawford, Raquel Mae Norva, and William Norva, II are the minor children of Yolanda C. Crawford, who was allegedly shot and killed by Joel Solevilla Norva in an apparent murder-suicide.  The Complaint states that Defendant DHS was named as the children's permanent custodian by Hawaii family court orders dated May 22, 2007.  Further, Defendants Crawford were Yolanda Crawford's parents and the children's grandparents.  At the time of the Complaint, Defendants Crawford had physical custody of the

---

[2] On July 8, 2008, this Court granted Prudential's motion to serve Defendant Estate by publication.  The Court held a return date hearing on September 8, 2008.  Defendant Estate has never appeared in this action, and Prudential obtained an entry of default against Defendant Estate on September 18, 2008.

[3] On April 7, 2008, the district judge approved a stipulation to dismiss without prejudice all of Prudential's claims against Defendant DHS.

children and intended to adopt them.[4]

Prudential filed the Complaint to determine whether any of the defendants were the lawful beneficiaries of Yolanda Crawford's $100,000 life insurance policy. On April 15, 2009, this Court issued its Findings and Recommendation to Grant Plaintiff's Motion for Discharge ("F&R"). This Court recommended, *inter alia*, that the district judge order Prudential to deposit the proceeds of Yolanda Crawford's life insurance policy ("Interpleader Funds") with the district court and dismiss Prudential from the case after Prudential made the deposit. The district judge adopted the F&R on May 5, 2009. Prudential deposited the Interpleader Funds, totaling $119,909.85, in two deposits, one on May 27, 2009 and one on June 1, 2009. The Clerk of the Court entered final judgment in Prudential's favor on June 18, 2009. On December 8, 2009, this Court issued a report of special master recommending that the district judge award Prudential $25,000.00 in attorney's fees. The district judge adopted the report on December 28, 2009. On May 4, 2010, the district judge approved a stipulation between Prudential and Azucena Crawford stating that the award would be paid from the Interpleader Funds.

This Court held a status conference on April 5, 2010.

---

[4] On March 3, 2008, Azucena and Clifford Crawford adopted all four of Yolanda Crawford's children.

The Court noted that guardianship papers for the children had been filed and were still pending before a state court. The Court found that no issues remained in the case and recommended that the matter be dismissed with prejudice in thirty days. The Court also gave Azucena Crawford until May 5, 2010 to file any motion for attorney's fees. The instant Motion followed.

On May 13, 2010, the district judge issued an Order of Dismissal, which states: "IT IS ORDERED that this action is hereby dismissed with prejudice, each party to bear its own costs and attorneys' fees." [Dkt. no. 52 (emphasis in original).] The same date, the Clerk of the Court entered final judgment.

## DISCUSSION

In the instant Motion, Azucena Crawford argues that the district court has the discretion to award attorney's fees in an interpleader action. [Mem. in Supp. of Motion at 3 (citing Trs. of the Dirs. Guild of Am.-Producer Pension Benefits Plans v. Tise, 234 F.3d 415, 426 (9th Cir. 2000)) (some citations omitted).] The Ninth Circuit in Tise did state that: "The amount of fees to be awarded in an interpleader action is committed to the sound discretion of the district court." 234 F.3d at 426 (citation omitted). The sections that follow, however, make it clear that this statement addresses an award of attorney's fees to the party who interpleads the disputed funds, not an award to the party who is ultimately found to be entitled to the funds.

> Interpleader is a valuable procedural device for ERISA plans who are confronted with conflicting multiple claims upon the proceeds of an individual's benefit plan.  A plan in this position risks defending against multiple lawsuits brought by the adverse claimants.  Interpleader provides a way out of this quandary, allowing the plan to petition the court to sort out the conflicting claims.  Thus, the interpleader plaintiff effectively disclaims any position as to which of the claimants is entitled to the fund.
> At the same time, **the availability of attorneys' fees for interpleader plaintiffs** recognizes that by bringing the action, the plaintiff benefits all parties by promoting early litigation on the ownership of the fund, thus preventing dissipation.  Because **the interpleader plaintiff is supposed to be disinterested in the ultimate disposition of the fund**, attorneys' fee awards are properly limited to those fees that are incurred in filing the action and pursuing the plan's release from liability, not in litigating the merits of the adverse claimants' positions.

Id. (citations and quotation marks omitted) (emphasis added).

This Court therefore FINDS that Tise does not support an award of attorney's fees to Azucena Crawford.  Insofar as the party moving for attorney's fees has the burden of establishing entitlement to such an award, see Hensley v. Eckerhart, 461 U.S. 424, 437 (1983), and Azucena Crawford has not identified any other authority that would support an award of attorney's fees in this case, this Court FINDS that Azucena Crawford is not entitled to an award of attorney's fees.

## CONCLUSION

On the basis of the foregoing, this Court HEREBY FINDS AND RECOMMENDS that Azucena Crawford's Motion for Determination

of Reasonable Attorney's Fees and Costs, filed May 3, 2010, be DENIED.

The parties are advised that any objection to this Finding and Recommendation is due seventeen calendar days after being served with a copy of this Findings and Recommendation. See Fed. R. Civ. P. 5(b)(2) & 6(d); Local Rule LR74.2.  If an objection is filed with the Court, it shall be captioned "Objections to Magistrate Judge's Findings and Recommendation." A copy of the objection shall be served on all parties.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, June 22, 2010



  /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**PRUDENTIAL INSURANCE COMPANY OF AMERICA V. ESTATE OF JOEL SOLEVILLA NORVA, DECEASED, ET AL; CIVIL NO 07-00616 SOM-LEK; FINDINGS AND RECOMMENDATION TO DENY DEFENDANT AZUCENA CRAWFORD'S MOTION FOR DETERMINATION OF REASONABLE ATTORNEY'S FEES AND COSTS**